1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    ARLIE DOLLY,                                Case No.  24-cv-06244-EKL

8                      Plaintiff,

9          v.                                    ORDER APPOINTING LEAD
                                                 PLAINTIFF AND LEAD COUNSEL
10   GITLAB INC., et al.,
                                                 Re: Dkt. Nos. 8, 11, 12, 19
11                    Defendants.

12

13         Before the Court is an unopposed motion to appoint lead plaintiff and lead counsel in this

14   securities action governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

15   *See* Mot. of Dutch Smith's for: (1) Appointment of Lead Plaintiff; and (2) Approval of Selection

16   of Counsel, ECF No. 8 ("Motion").  The Court finds this matter appropriate for resolution without

17   oral argument pursuant to Civil Local Rule 7-1(b) and VACATES the hearing set for March 5,

18   2025.  For the following reasons, the Court GRANTS the unopposed motion and appoints Dutch

19   Smith as lead plaintiff and Levi & Korsinsky, LLP as lead counsel.

20         The complaint in this action was filed on September 4, 2024.  That same day, notice of the

21   action was published on *Globe Newswire*, a widely circulated national business-oriented wire

22   service.  *See* Apton Decl. Ex. C, ECF No. 8-4.  The notice alerted members of the putative class to

23   the pending action and instructed that any request to be appointed lead plaintiff must be filed by

24   November 4, 2024.  *Id.*  On November 4, 2024, Smith timely filed his motion and a certification

25   that complies with 15 U.S.C. § 78u-4(a)(2).  *See* Apton Decl. Ex. A, ECF No. 8-2.  Three other

26   motions were filed.  *See* ECF Nos. 11, 12, 19.  But the other movants have either withdrawn their

27   requests or do not oppose Smith's motion because Smith appears to have the largest financial

28   interest in the litigation.  *See* ECF Nos. 23, 24, 25.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Under the PSLRA, there is a rebuttable presumption that the "most adequate plaintiff" is

2   the person or group of persons that: (a) "has either filed the complaint or made a motion [for

3   appointment as lead plaintiff]"; (b) "has the largest financial interest in the relief sought by the

4   class"; and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

5   Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

6   Smith satisfies these requirements. First, Smith timely filed a motion to be appointed lead

7   plaintiff. Second, Smith appears to have the largest financial interest in the litigation. Smith

8   asserts that he purchased or acquired approximately 2,709 shares, expended $200,000, and lost

9   $41,663.78 in connection with his shares of and transactions involving GitLab Inc. securities.

10   Mot. at 5; Apton Decl. Ex. B, ECF No. 8-3. Smith's claimed loss exceeds the losses claimed by

11   the other movants, who have all acknowledged that Smith appears to have the largest financial

12   interest in the litigation. *See* ECF Nos. 23, 24, 25. Third, Smith appears to satisfy Rule 23's

13   typicality and adequacy requirements. *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d

14   1056, 1060-61 (N.D. Cal. 2018) ("Once a movant has demonstrated that it has the largest financial

15   interest, it need only make a prima facie showing of its typicality and adequacy."). At this stage,

16   Smith has made a prima facie showing of typicality and adequacy because he allegedly acquired

17   GitLab securities during the class period and suffered loss as a result, and his interests are aligned

18   with the interests of the putative class. *See* Mot. at 7. Accordingly, the presumption that Smith is

19   the most adequate plaintiff has been met and has not been rebutted. The unopposed motion to

20   appoint Dutch Smith as lead plaintiff is GRANTED.

21   Additionally, Smith's choice of Levi & Korsinsky, LLP is reasonable. *See* 15 U.S.C. §

22   78u-4(a)(3)(B)(v); *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009)

23   (holding that if the lead plaintiff makes a "reasonable choice of counsel, the district court should

24   generally defer to that choice"). According to the firm's resume, in the last four years, Levi &

25   Korsinsky, LLP "has been lead, or co-lead counsel in over 50 securities class actions that have

26   resulted in nearly $200 million in recoveries for investors." Apton Decl. Ex. E at 5, ECF No. 8-6.

27   Based on these representations, the firm is qualified to serve as lead counsel here. Accordingly,

28   the unopposed motion to appoint Levi & Korsinsky, LLP as lead counsel is GRANTED.

Within fourteen days, the parties shall meet and confer and propose a schedule for the filing of a consolidated or amended complaint, and Defendants' responsive pleading.  Order at 3, ECF No. 32.

**IT IS SO ORDERED.**

Dated: December 23, 2024

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

3