CATHERINE D. KEVANE (CSB No. 215501)
ckevane@fenwick.com
FIONA Y. TANG (CSB No. 298101)
ftang@fenwick.com
JULIAN A. SARABIA (CSB No. 359295)
jsarabia@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

Attorneys for Defendants GitLab Inc., Sytse
Sijbrandij, Brian G. Robins, and David DeSanto

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARLIE DOLLY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GITLAB INC., SYTSE SIJBRANDIJ, BRIAN G. ROBINS, and DAVID DESANTO<br><br>Defendant. | Case No.: 5:24-cv-06244-EKL<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:    July 16, 2025<br>Time:    10 a.m.<br>Dept:    Courtroom 7, 4th Floor<br>Judge:   Honorable Eumi K. Lee |

RJN ISO MOTION TO DISMISS SECOND
AMENDED COMPLAINT

Case No.: 5:24-cv-06244-EKL

GitLab Inc.'s ("GitLab" or the "Company") public statements constitute the subject matter of plaintiff's Second Amended Complaint (ECF. No. 47, the "SAC"), stating that defendants GitLab, Sytse Sijbrandij, Brian G. Robins, and David DeSanto violated federal securities laws. Thus, it is appropriate to look at "what representations [the Company] made to the market." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018), *aff'd*, 985 F.3d 1180 (9th Cir. 2021). As shown below, the Court may consider the documents attached as Exhibits 1 through 22 of the accompanying Declaration of Fiona Y. Tang (the "Tang Declaration") because they fall into the following categories: (i) GitLab's press releases, earnings releases, earnings calls and filings with the Securities and Exchange Commission (the "SEC"), including every statement that is alleged to be false and misleading (and the surrounding context), and (ii) defendants' public statements at analyst conferences which plaintiff also challenges in the SAC; and (iii) analyst reports referenced in the SAC. The Court can take judicial notice of these materials pursuant to Rule 201 of the Federal Rules of Evidence,[1] the "incorporation by reference" doctrine and/or the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The documents are listed below:

1.      GitLab's earnings releases during the alleged class period, which were filed with the SEC, attached as **Exhibits 1, 4, 10, 18, and 19** to the Tang Declaration. Plaintiff refers to or quotes from **Exhibits 1, 4, 10, 18, and 19** at SAC ¶¶ 60-61, 97, 120-21, 129, 143-47, 159-60, 190-94, 253-54, 258, and 261.

2.      GitLab's earnings conference call transcripts during the alleged class period, which are attached as **Exhibits 2, 5, 11, and 12** to the Tang Declaration. Plaintiff refers to or quotes from **Exhibits 2, 5, 11, and 12** at SAC ¶¶ 57-58, 62, 98, 99, 103-06, 122-23, 125, 148-58, 161-71, 195-211, 234-36, and 255.

3.      GitLab's Forms 10-K and 10-Q filed during the alleged class period, which were filed with the SEC, attached as **Exhibits 3, 6, 15, 16, and 17** to the Tang Declaration. Plaintiff

---

[1] Fed. R. Evid. 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

FENWICK & WEST LLP
ATTORNEYS AT LAW

refers to or quotes from **Exhibits 3, 6, 15, 16, and 17** at SAC ¶¶ 51, 54, 61. **Exhibits 3, 6, 15, 16, and 17** also include risk factors and other disclosures that bear on plaintiff's generic allegations in SAC ¶¶ 265-67 that suggest that the Company's cautionary statements were not meaningful for purposes of the safe harbor for forward-looking statements.

4. A transcript from a September 7, 2023 industry conference call at the Goldman Sachs Communacopia + Technology Conference, attached as **Exhibit 7** to the Tang Declaration. Plaintiff refers to or quotes from **Exhibit 7** at SAC ¶¶ 172-81 and 242.

5. A transcript from a September 12, 2023 industry conference call at the Piper Sandler Growth Frontiers Conference, attached as **Exhibit 8** to the Tang Declaration. Plaintiff refers to or quotes from **Exhibit 8** at SAC ¶¶ 182-87, 232, and 243.

6. A transcript from a November 14, 2023 industry conference call at the RBC Capital Markets Global Technology Conference, attached as **Exhibit 9** to the Tang Declaration. Plaintiff refers to or quotes from **Exhibit 9** at SAC ¶¶ 188-89 and 233.

7. A transcript from a March 7, 2024 industry conference call at the Morgan Stanley Technology Media and Telecom Conference, attached as **Exhibit 13** to the Tang Declaration. Plaintiff refers to or quotes from **Exhibit 13** at SAC ¶¶ 212-13.

8. A transcript from a March 27, 2024 GitLab Inc. "fireside chat" conference call, attached as **Exhibit 14** to the Tang Declaration. Plaintiff refers to or quotes from **Exhibit 14** at SAC ¶¶ 214-15.

9. Analyst reports attached as **Exhibits 20, 21, and 22** to the Tang Declaration. Plaintiff specifically refers to these reports and generally to analyst expectations for the Company's FY 2025 guidance as reflected in these reports at, *e.g.*, SAC ¶¶ 126, 127, 257.

### A. The Court Should Deem Materials Quoted, Referenced, and Relied upon in the SAC Incorporated by Reference

Because Plaintiff refers to, relies on, quotes, and/or expressly bases his claims on portions of **Exhibits 1-2, 4-5, 7-14, 18-22**, the incorporation by reference doctrine allows the Court to consider such documents on a motion to dismiss. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

Supp. 2d 1045, 1060 (N.D. Cal. 2012) ("[A] court may consider . . . documents incorporated by reference in the complaint").  The Court may consider the full contents of such documents, even if a complaint only relies on certain portions.  *See Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (doctrine of incorporation by reference prevents plaintiff from omitting portions of "documents that weaken—or doom—their claims" in favor of only those that support them); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (where plaintiff "references and relies on a particular document as part of the . . . complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered"); *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendant's decision to provide the Court with the complete transcript."); *In re Century Aluminum Co. Sec. Litig.*,  2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (analyst reports may be noticed to show what information was available to the market), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim.").

The Court may assume that the contents of a document incorporated by reference in a complaint are true for the purposes of a motion to dismiss.  *Juniper*, 880 F. Supp. 2d at 1058-61 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  As such, because **Exhibits 1-2, 4-5, 7-14, 18-22** are expressly incorporated by reference into the SAC, the Court may consider them as if part of the SAC.  *See Khoja*, 899 F.3d at 1002 ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.").

**B. The Court May Take Judicial Notice of SEC Filings and Other Public Documents**

The Court may also take judicial notice of public documents whose authenticity cannot be questioned.  Fed. R. Evid. 201(b); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).  **Exhibits 1, 3-4, 6, 10, 15-19** are all materials filed with the SEC, and courts routinely

take judicial notice of such documents, especially when deciding a motion to dismiss in cases under the federal securities laws, even when such filings are not referenced in the complaint. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings was proper); *Glenbrook Cap. Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of Form 10-K filed with the SEC); *Juniper*, 880 F. Supp. 2d at 1060 (taking judicial notice of SEC Forms 4 not directly referenced in complaint where scienter claims relied on stock sales); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of proxy statement not referenced in pleadings where relevant to evaluating scienter); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) ("SEC filings are appropriately noticed by the Court" on a motion to dismiss).

In addition, in securities cases where a plaintiff alleges that the "fraud on the market" doctrine is applicable, courts may take judicial notice of publicly available information about a company, such as press releases and earnings releases, including the publicly reported financial results contained therein (**Exhibits 1, 4, 10, 18, and 19**), earnings conference call transcripts (**Exhibits 2, 5, 11, and 12**), and analyst reports (**Exhibits 20, 21, and 22**). *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of news articles); *In re Edward D. Jones & Co., Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (taking judicial notice of defendant's SEC filings and public comments and analyst reports to "determin[e] what information was disclosed to the public") (citation omitted); *Juniper,* 880 F. Supp. 2d at 1058-59 (taking judicial notice of defendant's SEC filings and earnings call transcripts).

### C. Cautionary Statements Relevant To The Safe Harbor

Finally, as indicated above, the Court may consider **Exhibits 1-19** for the independent reason that the PSLRA safe harbor for forward-looking statements is at issue, and the Court must consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant." 15 U.S.C. § 78u-5(e); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("the court is required to consider 'any cautionary statement accompanying a forward-looking statement, which is not subject to material dispute, cited by the defendant'") (citation omitted).

FENWICK & WEST LLP
ATTORNEYS AT LAW

Dated:    April 4, 2025                          FENWICK & WEST LLP


                                                 By: /s/ *Fiona Y. Tang*
                                                     Fiona Y. Tang

                                                 Attorneys for Defendants GitLab Inc., Sytse
                                                 Sijbrandij, Brian G. Robins, and David DeSanto