**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Lead Plaintiff Dutch Smith*
*and Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLIE DOLLY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GITLAB INC., SYTSE SIJBRANDIJ, BRIAN G. ROBINS, and DAVID DESANTO, <br><br> Defendants. | Case No. 5:24-cv-06244-EKL <br><br> **OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** <br><br> Date: July 16, 2025 <br> Time: 10:00 a.m. PT <br> Dept: Courtroom 7, 4th Floor <br> Judge: Honorable Eumi K. Lee |

Plaintiff respectfully submits this objection to Defendants' Request for Judicial Notice (ECF No. 52) ("Request" or "RJN"), filed in support of their Motion to Dismiss the Second Amended Complaint (ECF No. 50) ("Motion" or "Mot.").

## I.  INTRODUCTION

Defendants have improperly submitted numerous extraneous materials in support of their premature factual disputes set forth to undermine the sufficiency of the Complaint. A request such as this is impermissible under the rules and applicable case law. As Federal Rule of Civil Procedure 12(d) makes explicit: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Further, in the Ninth Circuit, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Defendants ask the Court to consider 22 exhibits—roughly 460 pages—in evaluating their Rule 12(b)(6) Motion on the basis that, the Complaint "refers to, relies on, quotes, and/or expressly bases his claims on" these documents, and therefore, they are subject to incorporation by reference and/or are proper subjects of judicial notice. *See* RJN at 3-5; *see also* ECF Nos. 51-1 – 51-22. Defendants' Request "is on par with this pattern of defendants burying district courts, at the earliest stage of litigation, in hundreds of pages of exhibits purportedly subject to judicial notice or incorporated by reference in the complaint but, indeed, better saved for a later stage of the case." *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 743 F.Supp.3d 1083, 1095-96 (D. Ariz. 2024); *see*, *e.g.*, *Khoja*, 899 F.3d at 999 ("Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."); *see also Hsu v. Puma Biotechnology, Inc.*, 213 F.Supp.3d 1275, 1281-82 (C.D. Cal. 2016) (describing "practical reality" of "inappropriate efforts by defendants" in securities fraud matters to "expand courts' consideration of extrinsic evidence at

the motion to dismiss stage," which "diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court").

Tellingly, Defendants primarily rely on the proposed exhibits to provide a counter-factual narrative to the one alleged in the Complaint. *See* Mot. at 3-7 (citing exhibits 1-2, 4, 11-12, and 19-22 in their "Statement of Facts" section), *see also Id.* at 12-13 (citing exhibits 1-17 for their "cautionary language"); *Id.* at 25 (citing exhibits 18 and 19 to raise a premature "truth-on-the-market" defense to loss causation). "Clearly, [Defendants] [are] using [their] 'request for judicial notice … as a backdoor avenue for introducing evidence of the facts themselves.'" *Sea*, 743 F.Supp.3d at 1097 (quoting *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1088 (N.D. Cal. 2017)); *see also Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."). Defendants' Request should be summarily denied, or in the alternative, to the extent consideration is given, be under the limited purview detailed below.

## II.    **SUMMARY OF PLAINTIFF'S POSITION**

Given the volume of Defendants' Request, Plaintiff provides the Court with the following table indicating his position(s) for each proposed exhibit:

| Exhibit | Response | Basis for Objection |
|---------|----------|---------------------|
| 1 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, and it is improper to assume the truth of incorporated documents to resolve factual disputes |
| 2 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, and it is improper to assume the truth of incorporated documents to resolve factual disputes |
| 3 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice and cautionary language does not accompany any purported forward-looking statement |
| 4 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, and it is improper to assume the truth of incorporated documents to resolve factual disputes |

| 5 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice |
|---|---|---|
| 6 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice and cautionary language does not accompany any purported forward-looking statement |
| 7 | No Position | -- |
| 8 | No Position | -- |
| 9 | Object in Part | Cautionary language does not accompany any purported forward-looking statement |
| 10 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice and cautionary language does not accompany any purported forward-looking statement |
| 11 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, and it is improper to assume the truth of incorporated documents to resolve factual disputes |
| 12 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, and it is improper to assume the truth of incorporated documents to resolve factual disputes |
| 13 | Object in Part | Cautionary language does not accompany any purported forward-looking statement |
| 14 | Object in Part | Cautionary language does not accompany any purported forward-looking statement |
| 15 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice and cautionary language does not accompany any purported forward-looking statement |
| 16 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice and cautionary language does not accompany any purported forward-looking statement |
| 17 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice and cautionary language does not accompany any purported forward-looking statement |
| 18 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, it is improper to assume the truth of incorporated documents to resolve factual disputes, cautionary language does not accompany any purported forward-looking statement, and Defendants do not cite any cautionary language |
| 19 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, it is improper to assume the truth of |

3

| | | incorporated documents to resolve factual disputes, cautionary language does not accompany any purported forward-looking statement, and Defendants do not cite any cautionary language |
|---|---|---|
| 20 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, and it is improper to assume the truth of incorporated documents to resolve factual disputes |
| 21 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, and it is improper to assume the truth of incorporated documents to resolve factual disputes |
| 22 | Object in Part | Defendants fail to properly identify which fact(s) are subject to judicial notice, it is improper to judicially notice extrinsic materials for the truth of their contents, and it is improper to assume the truth of incorporated documents to resolve factual disputes |

## III.    LEGAL STANDARD

"[T]he purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *Craig Frazier Design, Inc. v. Zimmerman Agency LLC*, 2010 WL 3790656, at *6 (N.D. Cal. Sep. 27, 2010). "Even under the [Private Securities Litigation] Reform Act, plaintiffs are only required to plead facts, not to produce admissible evidence." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1248, 1272 (N.D. Cal. 2000). As such, "[g]enerally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

"When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Khoja*, 899 F.3d at 998 (quoting Fed. R. Civ. P. 12(d)); *see also* Wright & Miller, 5C *Fed. Prac. & Proc. Civ.* § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), the Supreme Court identified two limited exceptions noting, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily

examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322.

*First*, incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1102. "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (quoting *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). When answering the question of how "extensively" the reference must be, the Ninth Circuit has held that "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document.'" *Id.* (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). And incorporation of a document not explicitly referenced is limited to those "rare instances," *Khoja*, 899 F.3d at 1002, where "the complaint 'relies heavily upon its terms and effect' such that the [document] is integral to the complaint." *Coto*, 593 F.3d at 1038.

However, incorporation is improper "if the document merely creates a defense to the well-pled allegations in the complaint … [o]therwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002. "For this same reason … it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because there is a "prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003 (citing *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") and *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms)).

*Second,* pursuant to Federal Rule of Evidence 201, a court is permitted to take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja*, 899 F.3d at 999. "But [generally known or] accuracy is only part of the inquiry under Rule 201(b)." *Id.* Indeed, "the Court may take judicial notice of matters of public record, but it 'cannot take judicial notice of disputed facts contained in such public records.'" *Poisson v. Aetna Life Ins. Co.*, 488 F.Supp.3d 942, 945 (C.D. Cal. 2020) (quoting *Khoja*, 899 F.3d at 999); *see also Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F.Supp.3d 1328, 1349, n.153 (C.D. Cal. 2014) ("The court takes judicial notice of the SEC filings only for their existence and contents, not for the truth of the information contained in them."); *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) ("Under this standard, we could take notice only of the fact that Omnicare filed the Audit Committee Charter and what that filing said, but we could not consider the statements contained in the document for the truth of the matter asserted, even at the motion-to-dismiss stage.").

Aside from extrinsic materials that meet these limited exceptions, if the court considers documents or facts outside the four corners of the Complaint, it must convert the motion into one for summary judgment, and conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery. *See* Fed. R. Civ. P. 12(b), 12(d), 56; *see also Blake v. Canoo Inc.*, 2022 WL 22919489, at *1-*2 (C.D. Cal. July 19, 2022) (denying a Rule 12(b)(6) motion to dismiss "for referencing materials outside the pleadings … persuaded that it would be more appropriate to consider the arguments and documents (including Canoo's SEC filings) in the context of a motion for summary judgment").

## IV.    ARGUMENT

### A.    Judicial Notice of Exhibits 1-6, 10-12, and 15-22, *If Any*, Should Be Limited to Their Existence and Contents

Defendants contend that exhibits 1-6, 10-12, and 15-22, in their entirety, are proper subjects of judicial notice. *See* RJN 4-5. Defendants' Request, however, fails to "clearly specify what fact or facts" are to be judicially noticed from the voluminous materials contained in these exhibits. *Khoja*, 899 F.3d at 999 (remarking that "[a] [district] court must [] consider – and identify – which

fact or facts it is noticing"). As such, judicial notice of these documents, as requested, should be denied "[b]ecause defendants do not identify which facts within each exhibit they want the court to judicially notice." *Blake*, 2022 WL 22919489, at *1 (declining notice where "defendants simply request that the court take judicial notice of the documents in their entirety"); *see*, *e.g.*, *Felipe v. Playstudios Inc.,* 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024) (denying judicial notice of SEC filings because "[a]lthough these exhibits are 'matters of public record,' Defendants do not identify which fact or facts they seek to have the Court notice").

Moreover, Defendants' Motion reveals that the sought consideration of exhibits 1-2, 4, 11-12, and 19-22 is not limited to the existence and contents of these documents but for the truth of the information contained therein – and form part of their counter-factual narrative. *See* Mot. at 3-7. Judicial notice does not, however, extend to the truth of the matters asserted within extrinsic materials and such a request is nothing more than impermissible attempt by Defendants to insert their "'own version of events into the complaint.'" *ThermoLife Int'l LLC v. Neogenis Labs Inc*., 2021 WL 1400818, at *3 (D. Ariz. Apr. 14, 2021); *Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *see also In re BioVie Inc. Sec. Litig.*, 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (noticing public documents filed with SEC or readily available on defendant's website but declining to "judicially notice the truth of any statements therein" recognizing "the risk that Defendants may cherry-pick public statements supporting their position, without referencing public materials which run counter to their arguments"); *Wang v. Zymergen Inc*., 744 F.Supp.3d 995, 1006 (N.D. Cal. Aug. 14, 2024) (noticing documents filed with the SEC under the condition that "[t]his judicial notice is limited to the existence of these filings and does not extend to the accuracy of their contents").

Worse yet, Defendants' Motion reveals that they request judicial notice of exhibits 18 and 19 for the truth of their contents and inferences drawn from them to rebut Plaintiff's well-pled loss causation allegations and raise a premature "truth-on-the-market" defense. *See* Mot. at 25. As such, these exhibits are not proper subjects for judicial notice as Defendants ask the Court to notice the accuracy of their contents to resolve a factual dispute at a motion to dismiss. *See In re Apple Inc.*

*Sec. Litig.*, 678 F.Supp.3d 1147, 1153 (N.D. Cal. 2023) (declining judicial notice of news article that defendants claimed "disproves [CEO's] intent to defraud shareholders"); *see also Hagins v. Knight-Swift Transp. Holdings Inc.*, 2023 WL 3627478, at *3 (D. Ariz. May 24, 2023) ("since Defendant urges the Court to review the documents to address factual disputes, it is inappropriate for the Court to take notice of those documents"); *Cederberg v. Washington Cnty. Consol. Commc'ns Agency,* 2019 WL 2929505, at *6 (D. Or. July 8, 2019) (finding publicly available transcript submitted for the truth of its contents and "an inference drawn from disputed facts contained within … is not appropriately subject to judicial notice.").

In sum, judicial notice of exhibits 1-6, 10-12, and 15-22, *if any*, should be limited to their existence and contents – but not for the truth of the matters asserted therein. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."); *see also Luo v. Spectrum Pharmaceuticals, Inc.*, 2024 WL 4443323, at *5 (D. Nev. Oct. 7, 2024) (finding extrinsic materials filed with the SEC "an appropriate subject for judicial notice … [but] declining to consider it for the truth of the matter asserted"); *Sea*, 743 F.Supp.3d at 1096 n.6 (same); *Maiman v. Talbott*, 2010 WL 11421950, at *8 (C.D. Cal. Aug. 9, 2010) ("Here, while it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should *not* be taken of the *truth* of their contents.") (emphasis in original); *see also Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *5 (D. Ariz. July 22, 2021) (taking judicial notice of the fact "that there was an investor call" and that the speakers made the statements included in the transcript," but "not tak[ing] judicial notice of the substance of the statements because those facts may be subject to reasonable dispute"); *In re Zillow Grp., Inc. Sec. Litig.*, 2018 WL 4735711, at *3 (W.D. Wash. Oct. 2, 2018) ("While the Court can take judicial notice of the fact that a document was filed with the SEC, and of the contents of such a filing, '[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201.'"); (quoting *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008)).

**B.      Incorporation by Reference of Exhibits 1-2, 4-5, 7-14 and 18-22, *If Any*, Should Be Limited to Their Existence and Contents**

Defendants contend that exhibits 1-2, 4-5, 7-14 and 18-22 are proper subjects of incorporation by reference because Plaintiff "refers to, relies on, quotes and/or expressly bases his claims on portions" thereof. RJN at 3-4. While Defendants unnecessarily lard the record with hundreds of pages that are irrelevant to the Complaint and pending Motion, Plaintiff does not object to the Court's consideration of exhibits 1-2, 4-5, 7-14 and 18-22 for their existence and contents under the doctrine of incorporation by reference as Plaintiff has quoted or otherwise relied on portions in the Complaint. *See Ritchie*, 342 F.3d at 908; *cf. Davis v. HSBC Bank NV, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (noting "the district court … is not required to incorporate documents by reference"); *Williams v. Cty. Of Alameda*, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("the court has discretion either to consider or reject such evidence" outside the pleadings).

That said, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because there is a "prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. Accordingly, consideration of the truth of the matters asserted within exhibits 1-2, 4, 11-12 and 18-22, for the purpose of disputing Plaintiff's well-pled factual allegations, as Defendants seek here (*see* Mot. at 3-7, 25), is improper. *See Felipe*, 2024 WL 1380802, at *6 (incorporating by reference exhibits "quoted or relied on extensively within the AC or forms a necessary basis of the complaint. However, the Court will not consider the documents to resolve factual disputes against the well-pled allegations in the complaint."); *see also Lawson v. Klondex Mines Ltd.,* 450 F.Supp.3d 1057, 1071 (D. Nev. 2020) (taking judicial notice of press release incorporated by reference in the complaint under the condition that it "cannot assume the truth of the contents of the press release because [the complaint] alleges that it contains false or misleading statements.").

In sum, consideration of exhibits 1-2, 4-5, 7-14 and 18-22 under the incorporation by reference doctrine, *if any*, should be limited to their existence and contents – but not for the truth of the matters asserted therein. *See In re BioVie*, 2025 WL 947667, at *7 (limiting consideration of documents incorporated by reference to "the content of these materials where relevant").

9

**C.    Consideration of Cautionary Language Accompanying Purported Forward-Looking Statements Should Be Limited to Exhibits 1-2, 4-5, 7-8, and 11-12.**

Defendants also claim the Court may consider exhibits 1-19 for the independent reason that their Motion asserts that certain alleged misstatements are forward-looking statements shielded by the PSLRA safe harbor. RJN at 5. The PSLRA instructs that "on any motion to dismiss … the court shall consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." 15 U.S.C. § 78u-5(e). Defendants' contention that certain alleged misstatements are protected forward-looking statements, however, is limited to statements found in the 1Q24 Earnings Report (Ex. 1), the transcript from GitLab's 1Q24 Earnings Call (Ex. 2), the 2Q24 Earning Report (Ex. 4), the transcript from GitLab's 2Q24 Earnings Call (Ex. 5), the transcript from GitLab's presentation at the Goldman Sachs Communacopia & Technology Conference (Ex. 7), the transcript from GitLab's presentation at the Piper Sandler Growth Frontiers Conference (Ex. 8), the transcript from GitLab's 3Q24 Earnings Call (Ex. 11), and the transcript from GitLab's 4Q24 Earnings Call (Ex. 12). *See* Mot. at 10-11 (citing only ¶¶145, 146, 150, 160, 161, 168, 172, 186, 195, 205, and 208). Furthermore, Defendants do not cite exhibits 18 and 19 for any cautionary language. *See id.* at 12-13. Accordingly, any consideration of cautionary language cited by Defendants accompanying the purported forward-looking statements must be limited to such language found in exhibits 1-2, 4-5, 7-8, and 11-12.

**V.    CONCLUSION**

For the foregoing reasons, the Court should decline consideration of Defendants' extrinsic materials in deciding their Motion, or in the alternative, if inclined to consider any of these documents under judicial notice and/or incorporation by reference, do so only to the extent of noting their existence and contents, not for the truth of the matters asserted therein.

//

//

//

//

OPPOSITION TO REQUEST FOR JUDICIAL NOTICE
CASE NO. 5:24-CV-06244-EKL

Dated:  April 25, 2025

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Lead Plaintiff Dutch Smith
and Lead Counsel for the Class*