CATHERINE D. KEVANE (CSB No. 215501)
ckevane@fenwick.com
FIONA Y. TANG (CSB No. 298101)
ftang@fenwick.com
JOSHUA R. PARR (CSB No. 318549)
jparr@fenwick.com
JULIAN A. SARABIA (CSB No. 359295)
jsarabia@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

Attorneys for Defendants GitLab Inc., Sytse
Sijbrandij, Brian G. Robins, and David DeSanto

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARLIE DOLLY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GITLAB INC., SYTSE SIJBRANDIJ, BRIAN G. ROBINS, and DAVID DESANTO<br><br>Defendants. | Case No.: 5:24-cv-06244-EKL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:     July 16, 2025<br>Time:    10:00 a.m. PT<br>Dept.:    Courtroom 7, 4th Floor<br>Judge:   Hon. Eumi K. Lee<br><br>Date Action Filed:  September 4, 2024 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

## I.     INTRODUCTION

Defendants' Request for Judicial Notice (ECF. No. 52, "RJN") established that the documents submitted with defendants' Motion To Dismiss Second Amended Complaint (ECF No. 50, the "Motion" or "Mot.") are properly considered by the Court under the doctrines of incorporation by reference, judicial notice, or both. Plaintiff's opposition ("RJN Opposition" or "RJN Opp.") does not dispute that the documents are ***directly referenced*** in the Second Amended Complaint ("SAC") and thus incorporated by reference. Nor does plaintiff contest that, in cases where claims are based on a "fraud on the market" theory (such as here), courts routinely take judicial notice of publicly available information about a company. Instead, plaintiff argues that despite the undeniable legal basis for the Court's consideration of these documents, defendants' exhibits should be rejected outright due to the number of exhibits involved (irrespective of the substantive basis for offering them) and because defendants allegedly seek to introduce them to resolve factual disputes (defendants do not). Plaintiff's objections are procedurally improper, contrary to Ninth Circuit law, inconsistent with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and should be rejected.

That plaintiff complains that too many documents were incorporated by reference in the SAC ***he filed*** ignores that by plaintiff's own admission, the vast majority of the documents are expressly referenced in plaintiff's 289-paragraph, 102-page SAC. RJN Opp. at 9. The SAC covers a year-long class period and extensively quotes from dozens of statements made during that time. It also quotes or references corresponding analyst reports. Defendants' request to include exhibits incorporated by reference in the SAC therefore presents the full context of the very documents plaintiff chose to quote from and rely on to plead his claims. The remaining six documents (Exhibits 3, 6, 15-17) not incorporated by reference are judicially noticeable as they are SEC filings containing cautionary statements relevant to the PSLRA safe harbor for forward-looking statements.

Plaintiff's further assertion that defendants' exhibits improperly concern issues of disputed fact must also be rejected. As detailed in defendants' RJN, the exhibits are not offered to address issues of disputed fact, but instead demonstrate ***undisputed*** facts about GitLab's

DEFS.' RESPONSE TO OPPOSITION TO
REQUEST FOR JUDICIAL NOTICE                    2                    Case No.: 5:24-cv-06244-EKL

performance and what defendants *actually said* to investors *in context*.  Nothing prevents defendants from arguing, based on those undisputed facts and statements, that plaintiff cannot state a claim – and indeed, at no point does plaintiff address the multiple cited authorities in defendants' RJN where courts have considered such analyses in securities class actions.

In sum, plaintiff's objections improperly ask that the Court not consider his allegations in proper context – as the PSLRA plainly requires – only serves to highlight that the actual disclosures doom plaintiff's claims.

## II.    ARGUMENT

### A.    Plaintiff's Objections to Documents Incorporated by Reference Are Baseless

When a document is incorporated by reference in a complaint, "the *entire document is assumed to be true* for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1057-58 n.10 (9th Cir. 2014) (emphasis added, citation omitted).  This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also In re Unity Software Inc. Sec. Litig.*, 2025 WL 1387952, at *4-5 (N.D. Cal. Mar. 12, 2025) (J. Lee) (transcripts of earnings calls, portions of SEC filings, press releases attached to SEC filings, and interview of defendant all incorporated by reference).

Plaintiff concedes the point, noting that he "does not object to the Court's consideration of exhibits 1-2, 4-5, 7-14 and 18-22 for their existence and contents under the doctrine of incorporation by reference as [he] has quoted or otherwise relied on portions in the Complaint." RJN Opp. at 9.  Despite admitting that these 17 documents are referenced and relied upon in the SAC, plaintiff objects that certain earnings releases (Exs. 1, 4, 18, 19), transcripts of earnings calls (Ex. 2, 11, 12), and analyst reports (Exs. 20, 21, 22) improperly introduce factual disputes and therefore, the Court's consideration of these documents "should be limited to their existence and contents – but not for the truth of the matters asserted therein." RJN Opp. at 9.

This argument fails because, plaintiff's RJN Opposition fails to identify *any* factual dispute supposedly introduced by these documents.  At most, plaintiff cites to defendants'

FENWICK & WEST LLP
ATTORNEYS AT LAW

Motion, which correctly highlights that no new information was conveyed to investors in the June 3, 2024 earnings announcement (Ex. 19) that was not already in the March 4, 2024 earnings announcement (Ex. 18), with the exception of the fact that the Company had completed its SSP analysis, and had *increased* its FY 2025 guidance. Mot. at 24-25. Plaintiff does allege otherwise. Accordingly, there is no factual dispute and the Court may properly consider the contents of each of these documents and assume the truth of those contents. *In re NVIDIA*, 768 F.3d at 1058 n.10. Plaintiff's citation to inapposite and distinguishable authority without providing any analysis does not rescue his argument. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("affidavits and declarations" prepared by defendants' counsel not incorporated by reference as pleading exhibits "unless they form the basis of the complaint"); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1171 (9th Cir. 2012) (affirming district court's incorporation of disclosure documents); *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 935-36 (N.D. Cal. 2014) (declining to take judicial notice of "portions of Plaintiff's deposition testimony" offered by defendants to dispute issues of fact on motion to dismiss); *Khoja*, 899 F.3d at 1003 (blog post that did not form the basis of any claim and was referenced only once in a footnote in the complaint was not "sufficiently extensive" reference to permit incorporation by reference); *Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024) (declining to incorporate by reference documents not quoted at length, not relied upon, and not referenced at all in underlying complaint); *Lawson v. Klondex Mines Ltd.*, 450 F. Supp. 3d 1057, 1071 (D. Nev. 2020) (declining to assume truth of press release alleged to be false); *In re BioVie Inc. Sec. Litig.*, 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (in securities class action, "SEC filings, conference call transcripts, and letters to shareholders" were "undisputedly incorporated by reference").

Further underscoring the conclusion that consideration of all these documents is proper is plaintiff's express allegation that the SAC is based on, *inter alia*, "relevant filings made by [GitLab]" with the SEC; "GitLab's public documents, announcements, conference calls, press releases, and stock chart"; and "securities analysts' reports and advisories" concerning GitLab. SAC at 1. As the SAC's preamble makes clear (*id*.), plaintiff cites those purported sources in an effort to show that their "information and belief" allegations have a factual basis, as required by

FENWICK & WEST LLP
ATTORNEYS AT LAW

the PSLRA and Fed. R. Civ. P. 11. *See* 15 U.S.C. § 78u-4(b)(1) ("if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."); *see also Rok v. Identiv, Inc.*, 2016 WL 4205684, at *1 (N.D. Cal. Aug. 10, 2016) (noting that a substantially similar preamble was designed to show compliance with Rule 11).  In light of the preamble that plaintiff chose to put in the SAC, any protest that the exhibits are somehow "extraneous" falls flat, as defendants are clearly permitted to cite – and the Court to consider – the documents on which his claim is based.

### B.    The Court May Properly Take Judicial Notice of GitLab's SEC Filings and Other Public Documents

Defendants ask the Court to take judicial notice of public documents filed with the SEC to demonstrate what defendants publicly reported and said to investors.  See RJN at 4-5.  Courts routinely take judicial notice of SEC filings for this purpose.  *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings was proper); *Sgarlata v. PayPal Holdings, Inc.*, 2018 WL 6592771, at *6 (N.D. Cal. Dec. 13, 2018) (taking judicial notice of press releases not for the truth of the matters asserted, but to show what was reported publicly); *Unity Software*, 2025 WL 1387952, at *5 (taking judicial notice of defendants' SEC filings).  This is precisely the purpose for which defendants have introduced these documents: to inform the Court of what defendants actually said.

Plaintiff does not dispute that this purpose is proper.  Instead, plaintiff argues that the Court should refuse to judicially notice documents on the ground that defendants have failed to "clearly specify what fact or facts" are to be judicially noticed.  RJN Opp. at 6-7.  Plaintiff's cases however require no such result.  *See Blake v. Canoo Inc.*, 2022 WL 22919489, at *1 (C.D. Cal. July 19, 2022) (taking judicial notice of SEC filings and earnings call transcripts even where "defendants do not identify which facts within each exhibit they want the court to judicially notice"); *Felipe*, 2024 WL 1380802, at *6 (incorporating by reference certain SEC filings and declining to take judicial notice of other SEC filings that did not form the basis of the complaint).

Plaintiff's argument that defendants are impermissibly trying to insert their "own version of events into the complaint" is equally infirm.  Plaintiff fails to identify even a single example of

defendants attempting to convince the Court to consider any document for the truth of its contents. Plaintiff provides no analysis and instead relies on another lengthy string citation to authorities that are inapposite or actually support defendants' request for judicial notice. *See, e.g.*, *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, 2021 WL 1400818, at \*2 (D. Ariz. Apr. 14, 2021) (declining to find letter sent by defendant incorporated by reference where authenticity of letter was disputed); *Khoja*, 899 F.3d at 999-1000 (observing that while "[a]n investor call transcript submitted to the SEC generally qualifies as a 'source[ ] whose accuracy cannot reasonably be questioned,'" transcript containing statements that were "not entirely consistent" with prior statements not judicially noticeable as it was subject to varying interpretations); *In re BioVie*, 2025 WL 947667, at \*7 (taking judicial notice of SEC filings and the fact that defendant "made the public statements contained therein"); *Wang v. Zymergen Inc.*, 744 F. Supp. 3d 995, 1006 (N.D. Cal. 2024) (taking judicial notice of defendant's "pre-IPO registration statement . . . , including the prospectus and Amended and Restated Investors' Rights Agreement that were part of that filing").

Plaintiff next mischaracterizes defendants' request with respect to Exhibits 18 and 19. As set forth in the Motion and RJN, defendants seek judicial notice only of the contents of those earnings releases, that they were published by defendants, and that the market was made aware of them. Specifically, defendants highlight the fact that the quarterly earnings releases published on March 4, 2024 and June 3, 2024 are substantially similar except in regard to the latter's inclusion of a completed SSP analysis and increased FY 2025 guidance numbers. Mot. at 24-25. Defendants include these documents not to establish the truth of the information reported, but to show what defendants disclosed and what publicly available information was available about the Company, both of which are entirely proper. *See Sgarlata*, 2018 WL 6592771, at \*6. Moreover, because plaintiff has claimed the "fraud on the market" doctrine is applicable, judicial notice of publicly available information about the Company, such as press releases and earnings releases, including the publicly reported financial results, earnings conference call transcripts, and analyst reports are properly the subject of judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 980-81 n.18 (9th Cir. 1999); *In re Edward D. Jones & Co. Sec. Litig.*, 2019 WL

FENWICK & WEST LLP
ATTORNEYS AT LAW

2994486, at *3 (E.D. Cal. July 9, 2019); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058-59 (N.D. Cal. 2012) (taking judicial notice of defendant's SEC filings and earnings call transcripts).  Plaintiff makes no attempt to distinguish defendants' authorities, and instead cites to cases that are inapplicable or otherwise distinguishable.  *See, e.g.*, *In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1153 (N.D. Cal. 2023) (declining to take judicial notice of news article reporting company's market capitalization for stated purpose of showing that defendant CEO had "grown Apple's market value by over a trillion dollars," which purportedly benefitted shareholders and disproved intent to defraud shareholders); *Hagins v. Knight-Swift Transportation Holdings Inc.*, 2023 WL 3627478, at *3 (D. Ariz. May 24, 2023) (declining to take judicial notice of defendant's federal agency filings that were not referenced in the complaint and were offered to create a factual dispute); *Cederberg v. Washington Cnty. Consol. Commc'ns Agency*, 2019 WL 2929505, at *6 (D. Or. July 8, 2019) (declining to take judicial notice of plaintiff's interview transcript offered in support of disputed factual inference regarding plaintiff's knowledge).

C.    **The Court May Properly Consider Statements Relevant to the Safe Harbor**

Finally, as indicated above, the Court may consider Exhibits 1-19 for the independent reason that the PSLRA safe harbor for forward-looking statements renders many of the statements challenged by plaintiff inactionable.  The Court must consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant."  15 U.S.C. § 78u-5(e); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004).  Plaintiff again fails to address the authorities cited by defendants, and does not offer a single case to support his argument.

And although plaintiff claims defendants have not cited Exhibits 18 or 19 for any cautionary language, those exhibits contain cautionary language nearly identical to that cited by defendants in other exhibits.  *Compare* Ex. 4 at 4-5, *with* Ex. 18 at 4-5 and Ex. 19 at 4. Moreover, plaintiff explicitly alleges that those earnings releases disclosed information that was directly related to the Company's alleged misrepresentations and material omissions.  SAC ¶¶ 253-61.

FENWICK & WEST LLP
ATTORNEYS AT LAW

## III.    CONCLUSION

Plaintiff's effort to prevent the Court from considering the full context of the documents on which they seek to rely to plead a claim, and defendants' actual statements to investors, demonstrates the weakness of his claims.  Having conceded that the doctrines of incorporation by reference and/or judicial notice apply, plaintiff offers no valid reason why defendants' exhibits are not appropriately considered pursuant to those well-established doctrines.  Plaintiff's objections should be overruled, and defendants' RJN should be granted.

Dated:    May 16, 2025                    FENWICK & WEST LLP


                                          By:  /s/ Fiona Y. Tang
                                               Fiona Y. Tang

                                          Attorneys for Defendants GitLab Inc., Sytse
                                          Sijbrandij, Brian G. Robins, and David DeSanto

FENWICK & WEST LLP
ATTORNEYS AT LAW