CATHERINE D. KEVANE (CSB No. 215501)
ckevane@fenwick.com
FIONA Y. TANG (CSB No. 298101)
ftang@fenwick.com
JOSHUA R. PARR (CSB No. 318549)
jparr@fenwick.com
JULIAN A. SARABIA (CSB No. 359295)
jsarabia@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

Attorneys for Defendants GitLab Inc., Sytse
Sijbrandij, Brian G. Robins, and David DeSanto

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARLIE DOLLY, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>GITLAB INC., SYTSE SIJBRANDIJ, BRIAN G. ROBINS, and DAVID DESANTO<br><br>        Defendants. | Case No.: 5:24-cv-06244-EKL<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     July 16, 2025<br>Time:    10:00 a.m. PT<br>Dept:    Courtroom 7, 4th Floor<br>Judge:   Honorable Eumi K. Lee |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Pursuant to Federal Rule of Evidence 201, defendants GitLab Inc. ("GitLab" or the "Company"), Sytse Sijbrandij, Brian G. Robins, and David DeSanto hereby request that, in connection with their Motion to Dismiss the Second Amended Complaint (ECF No. 50), the Court take judicial notice of the documents attached as Exhibits 23 and 24 to the Supplemental Declaration of Fiona Y. Tang in Support of Defendants' Motion to Dismiss Second Amended Complaint ("Supplemental Tang Declaration"), filed concurrently herewith.  As shown below, the Court may consider Exhibits 23 and 24 because they are analyst reports referenced in the Second Amended Complaint (ECF No. 47, the "SAC") and discussed in plaintiff's Opposition to Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 55 at 22-23, the "Opposition").

Exhibit 23 is an analyst report published by J.P. Morgan, dated June 3, 2024 and Exhibit 24 is an analyst report by Barclays Capital Inc., dated June 4, 2024.  The SAC specifically refers to and quotes from Exhibit 23 at ¶¶ 131, 133 and from Exhibit 24 at ¶¶ 132-33, and generally refers to analyst expectations for the Company's FY 2025 guidance throughout.  Further, plaintiff's Opposition references and quotes from Exhibits 23 and 24 to assert that these analyst reports support his allegations of loss causation.  Opp. at 22-23.

Exhibits 23 and 24 are properly the subject of judicial notice.  Because plaintiff refers to, relies on, quotes, and expressly bases his claims on portions of Exhibits 23 and 24**,** the incorporation by reference doctrine allows the Court to consider such documents. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012).  The Court may consider the full contents of such documents, even if a complaint only relies on certain portions.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010); *Colyer v. AcelRx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012).  The Court may assume that the contents of a document incorporated by reference

in a complaint are true for the purposes of a motion to dismiss. *NVIDIA*, 768 F.3d at 1058 n.10. As such, because Exhibits 23 and 24 are expressly incorporated by reference into the SAC, the Court may consider them as if part of the SAC. *See Khoja*, 899 F.3d at 1002.

The Court may also take judicial notice of Exhibits 23 and 24 because they are public documents whose authenticity cannot be questioned. Fed. R. Evid. 201(b); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). In securities cases where, as here, plaintiff alleges that the "fraud on the market" doctrine is applicable, courts may take judicial notice of publicly available information about a company, including analyst reports. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *In re Edward D. Jones & Co. Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019); *Juniper*, 880 F. Supp. 2d at 1058-59.

Dated:    May 16, 2025

FENWICK & WEST LLP

By: */s/ Fiona Y. Tang*
    Fiona Y. Tang

Attorneys for Defendants GitLab Inc., Sytse Sijbrandij, Brian G. Robins, and David DeSanto

FENWICK & WEST LLP
ATTORNEYS AT LAW